GbeeN, Judge,
concurring:
When this case was sent to a commissioner to take further evidence therein pursuant to a congressional reference thereof, Judge Whaley and myself did not concur with the action of the majority of the court in making the order, and filed a dissenting opinion, stating that, in our view, Congress had no right to refer the case to this court after judgment had been rendered therein and become final, and that its action in so doing was unconstitutional. I still adhere to the views of the law expressed in this dissenting opinion, but I agree entirely with the findings of fact set forth in the foregoing-statement thereof made by Chief Justice Booth.
*353 It appears to me, however, that, in order that the bearing and force of these facts may be fully understood, it is not improper to add some further observations. In this connection it should be kept in mind that when the case was first tried the only evidence was given by one witness on behalf of the defendant, who testified in chief that the building had been destroyed by fire and on cross-examination admitted writing a letter stating that several fires had been started on the building by the trainees. The judgment which was subsequently rendered in favor of the plaintiff was based upon certain covenants on the part of the defendant contained in the lease of the premises in controversy and set out in the findings. One of these provisions was that the defendant should deliver up the premises “ in like good order and condition as the same now are, reasonable use and wear thereof and damage by fire or other casualty excepted.” A glance at this provision might cause the reader to think that any and all damages by fire were excepted, but the court in its original opinion held in effect that the words , “ or other casualty ” qualified the word “ fire ” so that it j applied only to a fire which was a_ casualty; that is, one that ) was purely an accident, the cause of which was unforeseen, and one with which the defendant was not connected. The j court also held that the burden of proof was upon the i lessee to bring itself within the exemptions from liability contained in the lease, and as there was no proof whatever , as to the cause of the fire the defendant had failed to sus- i tain this burden and judgment must therefore be rendered i against it. In this view of the'law as the evidence then! stood, the Department of Justice must have concurred, for no application was ever made to have the decision of this court reviewed by the Supreme Court. Two motions for new trials were, however, made on behalf of defendant. Both of these motions were based principally on the claim that evidence had been newly discovered which showed that the cause of the fire was defective wiring. But no claim was or could be truthfully made that this evidence was not known at the time of the trial or could not have been discovered by reasonable diligence and consequently the motions were overruled. This ruling was so manifestly proper *354 that again the Department of Justice did not seek to have the action of this court reviewed by the Supreme Court.
It now appears that counsel for defendant before the original hearing had received statements from all of the witnesses then proposed or later testifying and that no different result could have been reached had the witnesses been heard. The facts as now found present an even stronger case against the defendant than is necessary to entitle plaintiff to judgment, for it appears that the fire started on a porch roof; that other fires on this roof had been originated by the trainees occupying the building throwing lighted cigarettes thereon; that it was impossible that the fire could have been set by the porch electric wiring which had been disconnected for many hours previous to the time the fire started; and the inference is fairly justified that the fire was set by conduct on the part of the trainees similar to that which had heretofore caused fires in the same region. If the court were now making findings of the ultimate facts in the manner required by the rules of the Supreme Court for our procedure, it would unquestionably conclude that the fire was so caused. But if this ultimate fact be not regarded as established, there is then no proof of the cause of the fire and the result of the case under the rules of law laid down in the original opinion is not changed.
Whaley, Judge, concurs in the foregoing statement of Judge Green.